The opinion of the court was delivered by
Egan, J.
On the third of November, 1869, the defendant, Morgan, obtained from plaintiffs, commission merchants in New Orleans, five thousand five hundred dollars, and executed his promissory note in their favor for the amount, due one year after date, with eight per cent interest from date. On the twentieth of May, 1870, he executed in plaintiffs’ favor a mortgage by public act upon certain lands in Bienville parish to secure the debt. This mortgage was duly recorded on the sixth of June, 1870. The debt being still unpaid on the twelfth and thirteenth of June, 1872, Morgan conveyed to the plaintiffs the mortgaged property by two separate acts and took from them a receipt for fifty-five hundred dollars on account of the mortgage debt. On the twentieth of August, 1872, seven or eight days after these conveyances, Shultz, the present intervenor, sued the defendant.and attached the lands embraced in the conveyances to plaintiffs, alleging that the defendant was about to dispose of a large part of his property to defraud his creditors and to give an unfair preference to some of them. Chaffe & Brother intervened, claiming the property as oivners by virtue of their said titles and possession under them. Shultz answered the intervention that the titles set up by Chaffe & Brother were not sales for a contemporaneous price, but really clations en paiement, the consideration of which was an old debt to the intervenors, due by Morgan, who was insolvent; that the same were intended to give Chaffe & Brother an unfair preference; and that there was no actual delivery of the property conveyed, wherefore the titles were void and without effect. He also *1308 set up knowledge of Morgan’s insolvency in the intervenors. Upon these issues the case was tried. It resulted in a judgment in the court below in favor of Shultz, maintaining his attachment and rejecting the demand of the intervenors. This judgment was affirmed on appeal. Subsequently the lands were sold under the Shultz judgment and bought in by him for largely less than the amount of the Chaffe mortgage, which, however, had meanwhile, on the seventeenth of May, 1876, nearly a year after the judgment of the Supreme Court, been canceled and erased, as shown by the certificate of the parish recorder, at the instance of Shultz’s attorney upon the production to him of' the written receipt given by Chaffe & Brother to Morgan at the time and in consideration of the before-mentioned conveyances, which, as we have seen, had been finally decreed void and without effect. The present suit was thereupon instituted by Chaffe & Brother against Morgan to enforce their debt and mortgage against the land covered by it; and Shultz in turn intervened, claiming ownership of the lands by virtue of his purchase at sheriff’s sale under his own judgment in the former case, which he pleads as res adjudicata as to all the claims set up by Chaffe & Bro. in the present case, and that plaintiffs’ mortgage was decreed in the former case to have been given in fraud and to be null and void. He furthermore pleaded as an estoppel against Chaffe & Brother, the before-mentioned receipt, and the proceedings in said ease, and the deeds or acts of conveyance from Morgan therein set up by them in support of their claim of ownership therein asserted, which though pronounced void as to him, were and are valid as to Chaffe & Brother for the purposes of the estoppel. He furthermore sets up the cancellation of the-mortgage by the recorder on the production to him of the receipt given by Chaffe to Morgan at the time and in consideration of the before-mentioned conveyances. Wherefore he prays that the demands of Chaffe & Brother in the present case be rejected, and that he be quieted1 in his title and possession of the lands in question, and further pleaded five years prescription against plaintiffs’ note. Upon these issues the-case was tried below, the plea of res adjudicata having been by counsel referred to the merits. There was judgment in favor of the intervenor,. quieting him in his title and possession of the land and rejecting the demand of plaintiffs as to their mortgage, but at the same time decreeing in their favor against Morgan personally the recovery of the full amount of their debt and interest as claimed. From this judgment the plaintiffs alone have appealed.
As to the pleas of res adjudicata and estoppel set up by Shultz versus the assertion of Cbaffe’s mortgage in the present suit, a reference to the pleadings and issues made in the former suit of Shultz vs. Morgan, Chaffe & Brother, Intervenors, as already stated in this opinion, will *1309 show that the only issue tendered by Chaffe & Brother was their title to the property seized, and that the validity and legal effect as such of the instruments relied upon by them in proof of title was expressly denied by Shultz. Here then was, to say-the least of it,- estoppel against estoppel, which, according to the law writers, leaves the matter at large, i. e., ■the one offsets the other. In Abbott vs. Wilbur, 22 An. 368, it was correctly announced that estoppels are not barred in the law, for the object ■of the administration of justice is to discover and apply the truth, and ■it is only where one has asserted in some judicial or other proceeding what is false, to his own advantage or the injury of another, that he will be estopped from showing the truth. The same principle is recognized by all the elementary writers. See Phillips on Evidence, vol. 1, sec. 378; Greenleaf’s Evidence, vol. 1, sec. 204 and note; Bigelow on Estoppel, p. 293, Nos. 4 and 5.
It is manifest that Shultz was in no way injured or induced to ■change his position for the sum by Chaffe’s assertion of title. It is ■however well settled that estoppels can not be set up against law, and our own Civil Code, art. 1982, expressly provides that even where both •parties to a contract set aside as having been made in fraud of creditors, are adjudged to have been in fraud, and the only consideration was a sum due from the debtor to the party with whom he contracted, the parties shall be placed in the same situation in which they were before the contract complained of was made. A fortiori then must this be true where, as was adjudged at the instance of Shultz himself, the ■elation en paiement through which alone Chaffe claimed title was adjudged incomplete and inoperative for want of actual delivery of the property.
In Judice vs. Kerr, 8 An. 462, a creditor sued to set aside as fraudulent and simulated a sale by the husband to the wife, who joined issue and claimed title. The sale was set aside as fraudulent and void, but the right of the wife to assert her legal mortgage on the property was reserved to her. In Wilson vs. Curtis, 13 An. 601, where the title to property seized by the creditors of the vendor was decreed to be fraudulent and void in a suit to which the vendor was a party, it was held that the judgment was res acljudicata as to the vendor’s claim of title, but not as to Ms other claims upon the property; and that if he have any ■ other right or privilege upon the property he should have an opportunity of showing it. In Millaudon vs. Allard, 2 La. 551, this court held that “ the purchase of land can not have the effect of destroying the mortgage claim of the creditor unless the title passes to him,” as it was expressly adjudged and shown it did not to Chaffe & Brother in this instance, in which the real nature of the transaction has been clearly .shown. See, also, 1 Greenleaf, sec. 211 and 212.
*1310 We agree with Mr. Justice Slidell in the case of Gridley vs. Conner, that “it is very true a man can not at the same time be mortgagee and owner of land, but it does not follow that the assertion of one right estops the subsequent assertion of the other,” and that in that case there was “no res judicata and no estoppel.” In Bowman vs. McElroy & Bradford, 14 An. 504, the court refused Bowman’s claim of title, but reserved to him his mortgage rights upon the slaves in controversy.
In point of fact the mortgage executed by Morgan in favor of Chaffe & Brother was not otherwise involved in the former suit than for the purpose of showing Morgan to be liable to attachment by reason thereof, and it is quite evident under the well-settled jurisprudence of this State that had possession followed the execution of the titles to Chaffe & Brother the attachment of the particular land conveyed would have fallen, and the plaintiff, Shultz, would have been put to his direct revocatory action. This necessity exists in all eases where the transaction or contract, whatever its form, is real and complete, however fraudulent and liable to be annulled it may be. So it was with the mortgage of Chaffe & Brother, the reference to which in the opinion of the court in the case of Shultz vs. Morgan, Chaffe & Brother, intervenors, by no means concluded the latter’s mortgage rights, which, as we have seen, were reinstated to the same position they held before bythe effect of the decree declaring the nullity of their title. It is true that the parties might have waived the revocatory action and tried the validity and effect of the mortgage in the same action had they chosen to do so, as they did not. On the one hand, Chaffe & Brother neither asserted nor sought to enfore their mortgage, but relied upon and put in issue their title only in the former case, while on the other, the answer of Shultz to their intervention neither alleged nor prayed for its nullity or avoidance to be decreed, and the court did not so decree. As before remarked, what was said in the opinion of the court in that case in regard to the mortgage forms no part of the decree, and can only be properly interpreted as one of the reasons of the court for sustaining Shultz’s attachment, which might well subsist even with the mortgage in full force. The reasons for judgment may and often do serve to interpret it and to explain any ambiguity, but it has often, and properly, been held that the thing adjudged will be found not in the opinion but in the decree rendered. See 10 An. 261, 640; 12 An. 736. In Davidson vs. Carroll, Hoy & Co., 23 An. 108, the court said : “The reasons given by the court for judgment form no part of the judgment itself, and the judge of the lower court is not bound by the expressions used by the Supreme Court outside of the decree,” to which we will add, for fear of misapprehension, unless it be in some matter of instructions how to proceed on some point expressly ruled by this court, which then must be obeyed as the thing adjudged. *1311 The deeds and receipt of Chaffe to Morgan were not only subject to explanation but have been fully explained, and were at the termination of the former suit without consideration or legal effect, not only as between Chaffe & Brother and Morgan, but as to Shultz, the other party to that litigation, also, and should have been so held as to Shultz as they were as to Morgan in the present case by the district judge. That case was decided on appeal finally in July, 1875, and yet, notwithstanding his full knowledge and notice of all the facts, we find Shultz, through his attorney, on the seventeenth of May, 1876, presenting to the recorder the old and effete receipt of Chaffe to Morgan, and, without the knowledge or consent of the-mortgagee, demanding and procuring the cancellation and erasure of the Chaffe mortgage on the lands in question, and then proceeding to effect a sale of them under fieri facias, q,t which he became himself the purchaser, or rather obtained a sheriff’s deed, regardless of the mortgage and of the fact, as we have before said, that the legal effect of the decree in the former case, to which he himself was so prominent a party, was to restore Chaffe & Brother to the same position they occupied, and the same rights, whatever they were, which they had-before the acceptance of title from Morgan. This was a short process to get rid of the Chaffe mortgage, which, whether liable to be attacked for actual or constructive fraud or not could not be thus summarily disposed of.
Inscriptions of mortgage can only be erased by consent of the parties to the mortgage, or by the effect of a decree in a proceeding to which the mortgagee is a party. See 21 An. 401 and cases cited; R. O. C. art. 3371 et seq. The manner in which this erasure is authorized and procurable is pointed out in the same provisions of the Code in section two, under the head of mortgages, and especially articles 3374 and 3375. Another and very different statute and rule prevails where a'third person and not the mortgagor seeks ex parte the cancellation or erasure, as for instance- in ease of the prescription of the mortgage. See R. S. 1870. sec. —. This ex parte cancellation, without the knowledge or consent of Chaffe, was clearly in violation of law and of their rights, and without legal effect, and can not be recognized by this court. It follows of necessity that as the price bid by Shultz at the sheriff’s sale was greatly below the amount of the special mortgage on the land he acquired no title. See C. P. 68-4; 1 H. D. 62 and 81, and eases cited.
There only remains the intervenor’s plea of prescription to the mortgage note and debt, of which it is only necessary to say that the receipt of Chaffe to Morgan, offered by intervenor himself, and the acts of conveyance for account of the debt, besides the parol testimony of Morgan’s acknowledgment of its continued existence, are conclusive against the plea.
*1312 The points raised in the two bills of exception of plaintiffs’ counsel have already been sufficiently considered and disposed of in this opinion, and need not be further discussed.
It is therefore ordered, adjudged, and decreed that the judgment of the court below be and it is avoided and reversed, except in so far as it decrees a recovery personally against the defendant, Morgan, in which respect alone it is affirmed; and it is now decreed that the attempted cancellation of the mortgage of Morgan to John' Chaffe & Brother on the seventeenth of May, 1876, be and it is declared null and void and of no effect in law; that said mortgage be declared to be still in existence and operation against the lands covered by it; that the pretended sheriff’s sales under fieri facias, issued in the case of J. P. Shultz vs. Joseph Morgan, John Chaffe & Brother, intervenors, No. 28 of the district court of Webster parish, of the lands embraced in said mortgage, be and they are, as well as all deeds and titles under them, declared illegal, null, and void. It is further ordered and adjudged that the right of Shultz and his succession .and heirs, if any such they have, to sue for and procure the annullment of the said mortgage in favor of John Chaffe & Brother for any legal cause affecting the same in the manner and subject to the rules applicable to such actions, be and it is reserved. It is further ordered and adjudged that this case be and it is remanded to the court below, to be there proceeded with according to law and the principles of this opinion, and that the succession of J. P, Shultz pay the costs of this appeal.
Rehearing refused.